Charles M. Wantuck, Willard S. Tucker, Springfield, for appellant.

Thomas F. Eagleton, Atty. Gen., George D. Chopin, Sp. Asst. Atty. Gen., for respondent.

LEEDY, Presiding Judge.

Donald Ned Baldwin was sentenced to two years' imprisonment in the penitentiary on each offense, or a total of four years, upon conviction for burglary in the second degree, and for stealing more than $50 in money in committing such burglary, and he appeals.

The defendant concedes that the state's evidence was sufficient to show that the building in question (Lloyd's Cleaners, Springfield, Missouri) was burglarized, and at that time $145 in money was stolen therefrom, as charged. Tommy Carl Burton, aged 20, testified that between 7:30 and 9:00 p. m., on March 18, 1960, he and defendant (aged 20 at the time of trial) broke into the building by prying open the boiler room door with the pinch bar in evidence, and after entering they knocked out a large hole in the concrete block and plaster wall of the walk-in garment storage vault or safe, through which hole he, Burton, walked

**STATE of Missouri, Respondent,**

v.

**Donald Ned BALDWIN, Appellant.**

No. 48392.

Supreme Court of Missouri,

Division No. 2.

Sept. 11, 1961.

or climbed into the vault; that certain record boxes found therein were removed, pried open and examined on the premises, and the sum in question found. It was taken and divided equally between them.

Defendant denied his guilt and sought to establish an alibi. That defense was supported by the testimony of several of his witnesses (including his father and a brother, Raymond), all of whom purported to account for accused's presence at another and different place at the time of the alleged offenses as fixed by the state's evidence.

Defendant, in a brief of a dozen pages, has skeletonized ten points relied on for reversal, some of which the state contends are not sufficiently preserved by the motion for new trial for review; others are obviously not supported by the record, and some relate to matters of such nature as to render it unlikely that they would recur upon another trial, if ordered. In this situation, and because of the view we take of the case, we find it unnecessary to lengthen this opinion by passing on any except that charging prejudicial error in the giving of instruction No. 3 on the subject of good character. To a proper understanding of this assignment, it is necessary to have background information, viz., toward the very end of defendant's direct examination the following was developed by his counsel:

"Q. Now you were fined $25 a few years ago for a boy borrowing your car and having some tires in it. Is that correct? A. Yes, sir.

"Q. Twenty-five dollars was paid by somebody? A. Uh-huh. * * *.

"Q. Somebody stole some tires, in other words, a few years ago. Is that correct? A. Yes, he was using my car."

On cross-examination the prosecutor evoked the admission that the incident was one in which he had been convicted in April 1958 for stealing four truck tires from a garage at Springfield. He was uncertain whether he was sentenced to jail for three

months, but, if so, he said he did not actually serve it, but paid $25. The prosecutor elicited the further admission that on June 10, 1959, he had entered a plea of guilty in Jasper County to a charge of stealing hub caps and was sentenced to six months in jail, and paroled; also that in March 1959 he had pleaded guilty to a charge of careless and reckless driving, and was fined therefor. He denied the prosecutor's inquiry as to whether in June 1959 he had been arrested and charged with operating an automobile without a license. It was also shown on the cross-examination of both defendant's father and brother that each had been previously convicted of one or more felonies as well as misdemeanors.

In this setting, and notwithstanding the fact that defendant offered no evidence to establish his good character, the court nevertheless gave the challenged instruction (No. 3) on that subject. It reads as follows:

"The previous good character of the defendant, if proved by the preponderance of the evidence, is a fact to be considered by you in determining his guilt or innocence, for the law presumes a man whose character is good is less likely to commit a crime than one whose character is not good; but if all the evidence, including that which has been given touching his character, shows him to be guilty, then his previous good character cannot excuse, palliate or mitigate the offense."

The state relies on State v. Hulbert, 299 Mo. 572, 253 S.W. 764, 767, where it was held that the giving of such an instruction in the absence of proof of good character "was not error but rather more favorable than otherwise * * * and he had therefore no ground of complaint." But we think that case distinguishable from the present one for the reason that there was no proof or intimation that the defendant therein had been previously convicted, whereas in the case at bar there was, one of such convictions having been for stealing, a trait here involved.

The object of laying good character before the jury "is to induce them to believe, from the improbability that a person of good character would have conducted himself as alleged, that there is some mistake or misrepresentation in the evidence on the part of the prosecution * * *". 15 Am.Jur., Criminal Law § 313. Here the instruction tells the jury this, in effect, if not in terms, not only in the absence of proof of good character, but in the face and presence of defendant's admitted prior convictions, which became admissible because they could be considered by the jury to affect his credibility as a witness. True, defendant did not ask an instruction so limiting the purpose of such evidence, but even so, under the particular circumstances hereinabove pointed out, we are constrained to hold the giving of the instruction constituted prejudicial error for which the judgment should be, and is, reversed and the cause remanded for new trial.

All concur.