STATE of Missouri, Respondent,

v.

Hugh WOODS, Appellant.

No. 53247.

Supreme Court of Missouri,
Division No. 2.

June 10, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, A. Michael Sullivan, Special Asst. Atty. Gen., Clayton, for respondent.

Jay White, Rolla, for appellant.

PRITCHARD, Commissioner.

Appellant was convicted of the commission of the crime of selling one 12-ounce can of Budweiser beer without first having procured a license from the Supervisor of Liquor Control. Such crime is a felony if intoxicating beverage is sold without a license, § 311.550(7), RSMo 1959, V.A.M.S. The evidence here showed that the can of beer sold contained 4.82 per cent alcohol by volume and 3.84 per cent alcohol by weight. § 311.020, RSMo 1959, V.A.M.S., defines intoxicating liquor as that containing in excess of 3.2 per cent of alcohol by weight. Appellant was fined $350 by the verdict of the jury.

The dispositive issue here is appellant's Point III raising the issue of whether the court erred in failing to instruct the jury upon the subject of good character, as required by § 546.070(4), RSMo 1959, V.A.M.S., and Supreme Court Rule 26.02(6), V.A.M.R. The testimony which appellant claims is sufficient to require such instruction is that of witness Rose Warren, given on redirect examination:

"By Mr. White:

"Q. How long have you known Mr. Woods?

"A. Oh, about five years, I guess.

"Q. Do you know the people that he associates with there where he's lived, in the area and in the community where he's lived?

"A. Yes.

"Q. Based upon what you've heard said about him, do you know his general reputation for honesty and being an upright citizen?

"A. He is.

"Q. Is that reputation good or bad?

"A. That's good.

MR. WHITE: You may step down.

MR. COHN: Wait a minute!

RECROSS EXAMINATION

"By Mr. Cohn:

"Q. Mrs. Warren, have you ever been convicted of a crime?

"A. I don't think that has any bearing on this case.

"Q. Have you ever been convicted of a crime, Mrs. Warren?

"A. Yes, I have.

"Q. What was that crime.

"A. Felony.

"Q. What was it, particularly?

"A. Selling beer.

"Q. Selling beer? Bootlegging?

"A. Selling beer. That's all I sold is beer.

"Q. Without a license?

"A. That's right.

MR. COHN: That's all.

MR. WESLEY: One moment, please. Sit down.

RECROSS EXAMINATION
(Continued)

"By Mr. Wesley:

"Q. How long have you known Hugh Woods, the defendant?

"A. I said about five years.

"Q. And that five years, do you know how—known him for five years, do you know how he makes his living?

"A. Well, I never did go around him very much. I knew him when he was in the Army, see.

"Q. I see. Well, you informed me that you've been living out there next to Hugh Woods?

"A. That's right.

"Q. How long have you been living out there next to him?

"A. Well, I've—I was living there before he moved there.

"Q. How long has he been out there now, ma'am?

"A. Well, I wouldn't know. About a year, I guess.

"Q. About a year. In that year's time did you ever know him to do any work or how he makes his living during that year?

MR. WHITE: Now, I object to that, that's not part of the case.

THE COURT: Sustained.

MR. WESLEY: That will be all right. You're dismissed.

(Witness Rose Warren Excused)"

The state contends that the testimony of Mrs. Warren is not substantial evidence of appellant's good character; that it is ambiguous; that there was no foundation for the question, "Is that reputation good or bad?", hence the evidence was incompetent and the court properly did not instruct on good character. The state cites State v. Baird, 288 Mo. 62, 231 S.W. 625, 15 A.L.R. 1035, and State v. Moore, Mo., 303 S.W.2d 60, for the proposition that under the statute and rule the court must instruct upon the good character of the defendant whenever it is "necessary," which word means "whenever there is any substantial evidence of general reputation of such character offered in evidence." 231 S.W. loc. cit. 627. State v. Baldwin, Mo., 349 S.W.2d 212, 214, states that the purpose of an instruction to the jury on good character " 'is to induce them to believe, from the improbability that a person of good character would have conducted himself as alleged, that there is some mistake or misrepresentation in the evidence on the part of the prosecution.' " There is no case cited by the state which holds that Mrs. Warren's testimony was not substantial, that there was an insufficient foundation laid therefor, or that it is incompetent.

The rule in this state is set forth in State v. Cross, Mo., 343 S.W.2d 20, 23, quoting State v. Kain, Mo., 330 S.W.2d 842, 846 [8]: " 'A person possessing the necessary testimonial qualifications, that is, acquaintance with the general reputation of the witness in the neighborhood or among the people with whom the witness associates for the character trait in question, may testify concerning such reputation. (Citing cases).' " In 29 Am.Jur.2d Evidence, § 343, p. 392, it is said, "In cases in which it is held or recognized that testimony is admissible on the issue of reputation, it is presupposed that the witness has properly qualified by testifying that he knows what the general reputation of the party was in the community. In other words, the witness must profess to know the general reputation of the party in question before he can be heard to speak of his own opinion or of the opinions of others of such reputation." See also Anno. 67 A.L.R. 1210, 1217. More authority is contained in 97 C.J.S. Witnesses § 55, p. 443, "The witness must qualify to give an opinion by showing such acquaintance with the person, the community in which he has lived, and the circles in which he has moved, as to speak with authority of the terms in which generally he is regarded. Thus, before a witness will be permitted to testify to character, he must first declare that the (he) knows the character of the person about whom he is testifying, or adequate knowledge must be shown. A claim to knowledge is prima facie sufficient, * * *. Positive certainty is not required; * * *." It is apparent that Mrs. Warren stated a sufficient basis for her testimony as to character. She had known appellant five years; she knew his associates in the community where he lived; and from what she heard from others she knew his general reputation for honesty and being a good citizen, which she stated to be good. Prima facie, Mrs. Warren was a competent witness as to appellant's reputation and character in the community. The state did not destroy that competency in cross-examination. The questions asked the witness on cross-examination go only to the credibility of her testimony. "Whether the knowledge of the character witness is based on much or little evidence affects the weight of the testimony and not its admissibility; and on direct examination the witness is not required to state the facts on which the claimed knowledge is based, unless asked to do so." 22A C.J.S. Criminal Law § 676, p. 701.

For error in failing to instruct on the subject of good character, there being substantial evidence on the subject, the judgment is reversed and the case remanded for new trial. State v. Jackson, Mo., 373 S.W.2d 4, 9. Other alleged errors

may not recur upon retrial and need not now be ruled.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.