**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Gregory MARTIN, Defendant-Appellant.**

**No. 42444.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1981.

Dennis Smith, St. Louis, for defendant-appellant.

Kristie Green, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Paul Robert Otto,

Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Chief Judge.

Gregory Bryan Martin, hereinafter appellant, was convicted in the Circuit Court of the City of St. Louis of Assault First Degree, § 565.050 RSMo. 1981, and Kidnapping, § 565.110 RSMo. 1981, and he was sentenced to 12 years on the Assault First Degree charge and 7 years on the Kidnapping charge, said sentences to be served concurrently. He appeals. We affirm.

Appellant does not challenge the sufficiency of the evidence to support the convictions, and therefore a brief statement of the facts the jury could find from the evidence will be sufficient.

Appellant, 21 years of age at the time of the occurrence on February 15, 1979, assaulted Anthony Banks, a 14 year old boy, in the vicinity of 5316 Union Boulevard in the City of St. Louis, and knocked him unconscious. When Anthony regained consciousness he was in an apartment and appellant was choking him in a bathtub in said apartment. Anthony again lapsed into unconsciousness and when he regained consciousness he was alone. He left the apartment, returned to his home, and reported what had taken place to his parents who then took him to a hospital for treatment of his injuries.

On February 28, 1979, Anthony returned to appellant's apartment accompanied by two police officers. He identified the appellant as his assailant and appellant was placed under arrest, taken to the police station and, after he was given his *Miranda* warnings, appellant made oral, written and taped statements wherein he admitted assaulting Anthony and claimed that at the time he was acting under orders of an irresistible voice inside himself that told him to assault Anthony in order to kill him.

The sole Point Relied On presented by appellant for review is that the trial court erred in submitting Instruction No. 6,

MAI–CR 19.02, in that it did not allow the jury to consider whether appellant was, at the time of the assault, acting under the influence of extreme emotional disturbance, § 565.060.1(3)(a), thereby authorizing the jury to find him guilty of Assault in the Second Degree. Appellant contends he was entitled to this instruction mitigating the assault by reason of the introduction into evidence by the state of a tape recorded cassette of appellant's confession wherein he stated that he had two personalities, one of which kept telling him to do things that he didn't want to do. According to his statement, on this particular occasion he was at home looking at T. V. and watching out the window when he saw Anthony coming up the street. He went downstairs and asked Anthony to help him carry a box which was upstairs in his apartment. They went upstairs and went back into appellant's room where the box was supposed to be but appellant told Anthony he couldn't find the box. "[T]he next thing I knew I was strangling him." Appellant then dragged Anthony, who by this time was unconscious, into the bathroom, turned on the water in the bathtub and put Anthony in the bathtub. Appellant said "That other person was telling me to do it." After he thought Anthony was dead, appellant took him out of the tub, dragged him into appellant's bedroom and put him on a carpet there.

Appellant failed to preserve this Point for review because he did not comply with the mandate of Rule 28.03 [1] requiring a specific objection to given or refused instructions in motions for new trial unless specific objections were made on the record at the time of trial.

■ Where a defendant makes no objection to the giving of or the failure to give an instruction, either at trial or in a motion for new trial, he has not preserved for review any error occasioned thereby. *State v. Miller*, 604 S.W.2d 702, 705[1] (Mo.App. 1980); *State v. Murry*, 580 S.W.2d 555, 556[1] (Mo.App.1979).

During the instruction conference, counsel for appellant voiced a general objection "to the giving of each and every instruction offered and given by the Court or by the State." Nowhere in his motion for new trial did appellant make the specific objection to the giving of Instruction No. 6 that he presents for the first time in his brief in this court.

The only objection to the giving and reading of Instruction No. 6 appeared in paragraph 3 of appellant's motion for new trial and reads as follows:

3. That the Court erred in giving and reading to the jury instructions numbers 5 and 6 offered by the state for the reason that said instructions failed to give proper definitions of the charges mentioned in said instructions.

It is clear that this is not the same error alleged in the Point Relied On presented in this court in his brief.

We therefore rule this Point against appellant.

We were not requested by appellant to consider this Point under the plain error rule, Rule 30.20, and our study of the record on appeal causes us to conclude that we should not consider this point as plain error because we do not believe appellant suffered manifest injustice nor is he the victim of a miscarriage of justice.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.

1. Rule 28.03, effective January 1, 1980, is the same as Rule 20.03 which was in effect when this case was tried.