STATE of Missouri,
Plaintiff-Respondent,

v.

Richard Tilden STONE,
Defendant-Appellant.

No. 14690.

Missouri Court of Appeals,
Southern District,
Division One.

May 11, 1987.

Motion for Rehearing or to Transfer to
Supreme Court Denied
June 2, 1987.

Application to Transfer Denied
July 14, 1987.

---

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

M. Elise Branyan, Springfield, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Richard Tilden Stone, was charged by indictment with the crimes of murder in the second degree, § 565.021.-1(2), and robbery in the second degree, § 569.030.

The state's theory was that Stone and an accomplice, on November 9, 1984, while in the process of a robbery during which they used force by striking and/or suffocating David Denny, stole Denny's pickup truck, wedding ring, radio telephone, and other items, and that Denny died as a result of the beating.

At trial, Stone testified that he had gone to the Denny home, and found that Denny, who Stone called "Shorty," was dead as the apparent result of a beating. Stone said he then decided to steal Denny's pickup truck and the other items of personal property listed in the indictment, and did so. The state's evidence concerning the murder and robbery was circumstantial, as there were no eyewitnesses to either alleged event who testified for the state.

The trial court instructed the jury on second degree murder, robbery, and stealing. Instruction No. 14 charged Stone with stealing the wedding ring from Denny's person. Instruction No. 15 charged Stone with stealing the pickup truck. Both instructions alleged that the stealing occurred on November 9, 1984. The jury, evidently believing that Stone was not a murderer and a robber, but was a thief, acquitted him of the murder and robbery charges, but found him guilty of the two stealing charges that were presented to the jury via instructions 14 and 15. The jury declared punishment for each offense at seven years' imprisonment and recommended that the sentences be served consecutively. They also recommended that a fine be assessed against Stone, the amount of which to be determined by the court. The trial court sentenced Stone to seven years' imprisonment for stealing the ring, and seven years for stealing the pickup truck, with the two sentences to run consecutively for a total of fourteen years, and fined him $1,000 for each offense. This appeal followed.

Due to the nature of the case and our intended disposition, we discuss Stone's three points relied on in his brief in reverse order.

In his third point relied on, Stone claims that the trial court erred by submitting to the jury instruction No. 16 (MAI–CR2d 2.50). The instruction reads as follows:

Evidence has been introduced concerning the reputation of defendant as to those traits of character which ordinarily would be involved in the commission of an offense such as that charged in this case. This evidence was received because a jury may reason that a person of good character as to such traits would not be likely to commit the offense charged against the defendant. Therefore, you should consider such evidence along with all of the other evidence in the case in determining the guilt or innocence of the defendant.

If from all of the evidence in the case, including that relating to those traits of defendant's character which would ordinarily be involved in the commission of the offense charged against him, you are not convinced beyond a reasonable doubt that the defendant is guilty, you should

acquit him no matter what his character may have been at or before the time the charge was brought. However, if from all of the evidence in the case, including such evidence of defendant's character, you are convinced beyond a reasonable doubt that the defendant is guilty, you should so find even though he may have been a person of good repute.

■ Stone did not present any evidence at trial as to his general reputation for good character. He did testify as to prior convictions that he had for DWI, and other minor offenses, and also testified that he was an alcoholic. Stone did not request that the instruction be given, made a general objection to it at time of trial, and followed that with a specific objection to the instruction in his motion for judgment of acquittal or, in the alternative, for a new trial. The specific objection was that:

3. The trial court erred to defendant's prejudice, in violation of its duty under Missouri Revised Statutes, Section 546.-070(4) (1978), when the court gave Instruction No. 16 relating to the reputation of defendant, because Instruction No. 16 was inconsistent with the evidence offered at trial in that no evidence as to the defendant's reputation as to these traits of character which ordinarily would be involved in the commission of the offenses charged were placed in evidence.

The issue was timely preserved, contrary to the state's assertion here. Rules 28.03 and 29.11(d), V.A.M.R.

The fact situation in this case is similar to that presented in *State v. Baldwin*, 349 S.W.2d 212 (Mo. banc 1961). In that case, Baldwin was charged with burglary and stealing. He denied his guilt, relying on an alibi and took the stand in his own defense. During direct and cross-examination, he admitted having prior convictions of stealing and careless driving. He offered no evidence as to his good character. The trial court, over objection, gave the following instruction:

The previous good character of the defendant, if proved by the preponderance of the evidence, is a fact to be considered by you in determining his guilt or innocence, for the law presumes a man whose character is good is less likely to commit a crime than one whose character is not good; but if all the evidence, including that which has been given touching his character, shows him to be guilty, then his previous good character cannot excuse, palliate or mitigate the offense.

Baldwin was convicted and sentenced to the penitentiary. On appeal, the Supreme Court reversed for prejudicial error stating:

The object of laying good character before the jury 'is to induce them to believe, from the improbability that a person of good character would have conducted himself as alleged, that there is some mistake or misrepresentation in the evidence on the part of the prosecution * * *.' 15 Am.Jur., Criminal Law § 313. Here the instruction tells the jury this, in effect, if not in terms, not only in the absence of proof of good character, but in the face and presence of defendant's admitted prior convictions, which became admissible because they could be considered by the jury to affect his credibility as a witness.

Id. at 214.

■ The *Baldwin* case is still the law of Missouri, and the state, in its brief, has not distinguished it to our satisfaction. The jury in the present case, on reading instruction No. 16 might very well have been led to believe that because Stone was a miscreant and an alcoholic, these were facts that they were to consider in determining whether he was guilty of the criminal offense. Giving of the instruction was prejudicial error.

■ Since the case must be retried, we wish to point out that it was error for the trial court to give separate instructions which would authorize multiple convictions for stealing Denny's personal property. The only conclusion that could be reasonably drawn from the evidence is that the truck and the ring were stolen at the same time. Missouri follows the "single larceny rule." *State v. Lawhorn*, 574 S.W.2d 455, 458 (Mo.App.1978). This means that the theft of several articles from the same

owner at the same time and place constitutes only a single crime. *State v. Cody,* 525 S.W.2d 333, 334–335 (Mo. banc 1975). We do not know if the same evidence will be presented on retrial but, if so, the admonition of *Cody,* which emphasizes that, if the articles taken were stolen as the result of a single criminal impulse, there is only one act of stealing, should be kept in mind.

Stone's remaining point complaining of the trial court's refusal to allow Svenn Sollid, an alcoholic abuse counselor to testify as an expert witness on the subject of alcoholism and its effects on the thought process of an alcoholic, has no merit. Stone cites no cases to justify such testimony. He did not plead not guilty by reason of mental disease or defect caused by alcoholism and the testimony indicated that his consumption of alcohol was voluntary. The defense of voluntary intoxication is not recognized in Missouri. § 562.076. The inquiry was not relevant under the facts.

For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded for a new trial.

CROW, C.J., and HOLSTEIN, J., concur.