STATE of Missouri, Respondent,

v.

Wendell SIMMONS, Appellant.

Wendell SIMMONS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60890, 62344.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 17, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 16, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

Marilynn Rydlund, Public Defender, St. Louis, for appellant.

SIMON, Judge.

Appellant, Wendell Simmons, was charged in an amended substitute information, in Count I with sale of a controlled substance, § 195.211 R.S.Mo.1986 (all further references are to R.S.Mo.1986 unless otherwise noted), in Count II with escape from custody, § 575.-200 and in Count III with assault in the third degree, § 565.070. He was also charged as a prior drug offender under § 558.016 and § 557.036.4, and as a persistent drug offender under § 558.016 and § 557.036.4. After a mistrial where the wrong information was read to the jury, appellant was tried before a new jury. The trial court found him to be a prior drug offender but not a persistent drug offender and the jury returned verdicts of guilty on all three counts. He was sentenced to a term of twelve years on the sale of a controlled substance count, a term of five years on the escape count and a term of one year on the assault count. All sentences were to be served concurrently. Appellant filed a motion for relief under Rule 29.15 which was denied after an evidentiary hearing. We consolidated the appeals of appellant's convictions and the denial of his motion.

Appellant contends that the trial court erred in: 1) refusing his instructions on the defense of justification to the escape and assault charges, 2) permitting an amendment to the substitute information which stated that the sale of a controlled substance charge was a class A felony when it was, in fact, a class B felony, 3) overruling his objection to admission of a Kel device tape recording into evidence, 4) giving the "reasonable doubt" instruction, and 5) excluding photographs which appellant claims depicted injuries inflicted by the arresting officer. We affirm.

■ At the outset we note that appellant has failed to preserve his appeal for post-conviction relief pursuant to Rule 29.15, because he has not raised a point of error. Therefore, we consider his appeal to have been abandoned. *State v. Gaines*, 807 S.W.2d 678 (Mo.App.1991).

Since appellant does not challenge the sufficiency of the evidence we briefly recount the evidence most favorable to the verdicts. On September 17, 1990, at approximately 6:00 p.m., St. Louis City police detective Maurice Jackson was working as an undercover narcotics buy agent with the Street Corner Apprehension Team. Detective Jackson was wearing a Kel unit, which is a device consisting of a hidden microphone and a transmitter that transmits oral communications to a receiver and tape-recorder in a nearby surveillance van. Detective Jackson approached appellant in an unmarked vehicle and inquired if he had any narcotics for sale. Appellant replied that heroin was available. Detective Jackson purchased two capsules from appellant in exchange for twenty dollars. The record reveals that the capsules were subsequently determined to contain heroin. Immediately upon completion of the transaction, the arrest team appeared, and appellant fled on foot and was cornered at the bottom of a stairway at a nearby school. While fleeing from the officers, appellant placed the "buy money" in his mouth and began chewing it. The arresting officer, Detective Thomas Murphy, unsuccessfully attempted to physically restrain appellant from doing so. Appellant was arrested and placed in handcuffs. He was returned to the scene and identified by Detective Jackson, after which he was transported to police headquarters. Later, in a hallway at the police station, appellant kicked Detective Gordon Whitling, knocking him to the floor, and escaped while still wearing handcuffs.

At trial, the mother of appellant's child, and the woman she lived with, who was acquainted with appellant, testified that he was struck in the head with a black object and pushed against a wall by a police officer. The two women lived in a dwelling across the street from the school where appellant was apprehended. The mother of appellant's child testified that when she walked to the school yard, the officer stopped beating appellant and spoke with her. Appellant's wife testified that appellant left home at about 3:30 p.m. on the day of his arrest and that he returned home about 4:00 a.m. the following day. She testified that she took photographs of appellant following his return home. Out

of the hearing of the jury, appellant's trial counsel argued that the assault on Detective Whitling and his escape were justified because appellant was beaten during his arrest. In support of this claim appellant offered the photographs which were taken by his wife. These photographs purported to show that appellant had suffered various injuries. The prosecutor objected to these photographs and the trial court admitted a photograph of appellant's wrists, but refused to admit the other photographs. Appellant offered four instructions, all of which were refused without comment by the trial court or objection by his trial counsel.

In his first point, appellant contends that the trial court erred in refusing to submit two of his instructions patterned after MAI–CR 3d 308.20 which submitted the defense of justification by emergency or necessity to the charge of escape and the charge of assault.

■ Although appellant did not make a record at trial, in his motion for a new trial he contended that the trial court erred in refusing to submit the instructions in that the instructions were a correct statement of the law and supported by the evidence. The claim of error is not stated with sufficient specificity to preserve it for review. *State v. Stone*, 731 S.W.2d 466, 468[1] (Mo.App.1987). Therefore, we review for plain error. Relief is granted under plain error when the error so substantially affects his rights that manifest injustice or miscarriage of justice results if left uncorrected. *State v. Durbin*, 835 S.W.2d 323, 325[1–2] (Mo.App.1992).

MAI–CR 3d 308.20 addresses the defense set out in § 563.026 which provides, *inter alia*, that otherwise criminal conduct is justifiable and not criminal when it is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur through no fault of the actor. *State v. Robinson*, 710 S.W.2d 14, 16[1] (Mo.App. 1986).

■ MAI–CR 3d 308.20 is to be given when the claimed facts and circumstances, if true, are legally sufficient to support the instruction. *State v. Owen*, 748 S.W.2d 893, 895[3–4] (Mo.App.1988). On review, we need only look to whether substantial evidence

was contained in the record to warrant the instruction. *Robinson*, 710 S.W.2d at 16[1]. Further, the claimed facts and circumstances upon which appellant relies to support the instruction must not be occasioned through his own fault. *Id.*

■ As applied to escape from confinement, there are four elements to the defense of justification or necessity:

1) a present and imminent danger, the definition of danger being based upon the facts of a defendant's confinement and the imminence of the danger not being solely based on a time interval but upon the entire fact situation; 2) exhaustion of remedies or evidence that attempts to do so had been futile and that the imminence of the danger of threatened harm is such that no alternative is available; 3) evidence that the escapee did not use force or violence against innocent persons in perfecting the escape; 4) and a duty on the part of the escapee to surrender when the threatened danger has been avoided. *State v. Kirkland*, 684 S.W.2d 402, 405[3] (Mo.App. 1984).

We observe that *Kirkland* notes a conflict between *State v. Baker*, 598 S.W.2d 540 (Mo. App.1980) and *State v. Daniels*, 641 S.W.2d 488 (Mo.App.1982). In *Baker*, our colleagues in the Western District expounded the view that factors 2) and 4) bear on the issue of credibility but are not essential elements of the defense of justification. In *Daniels*, our colleagues in the Southern District held that all four elements are essential. Resolution of this conflict, if any, is not required here.

■ Here, appellant attempts to use the claim that he was beaten at the scene of his arrest to justify his assault on Detective Whitling and his escape. The record reveals that the assault and escape took place on the fourth floor of the St. Louis City Police Station where appellant was alone in a hallway with the detective waiting to enter an interview room. Appellant asked to use a water fountain and after taking a drink, he kicked the detective and escaped. Appellant offered no evidence of any imminent harm from Detective Whitling, or anyone else at the police

station, which would support his claim of justification.

Number four of the notes on use for MAI-CR 3d 308.20 states that "this instruction must be given upon request of defendant provided the Court determines that the claimed facts and circumstances, if true, are legally sufficient for the defense of emergency measures." The record reveals that the only evidence admitted in support of appellant's contention is the testimony of his wife, the two witnesses, and the photograph of his wrists. Appellant's evidence, even if true, is not legally sufficient to support a present and imminent danger under the circumstances. The alleged beating took place at the scene of the arrest occasioned by appellant resisting arrest and his destroying of evidence, the money. Appellant was not entitled to either instruction and the trial court did not err in refusing them.

In his second point, appellant contends that the trial court plainly erred when it permitted the prosecutor to file an amended substitute information. He alleges that the information was fatally defective and as a result the trial court lacked jurisdiction to proceed on it. Appellant offered no objection at trial and concedes that the issue is not properly preserved. However, he requests plain error review. Although not mentioned in his brief, we observe that his motion for a new trial contains a paragraph which seems to address the issue.

■ Appellant's complaint deals with Count I of the amended substitute information which charged him with the sale of a controlled substance. The record reveals that defendant was originally charged in an indictment with unlawfully distributing a controlled substance within one thousand feet of a school in violation of § 195.214, a class A felony. The indictment was substituted by an information which was amended on the day of trial by the information which is the subject of appellant's complaint. This information omits the element of proximity to a school from the sale of a controlled substance charge. Sale of a controlled substance in violation of § 195.211 is a class B felony. The section of the information pertinent to appellant's point states that:

[appellant] in violation of Section 195.211, RSMo, committed the class A felony without probation and parole of sale of a controlled substance, punishable as a persistent drug offender upon conviction under Sections 195.291 and 558.011.1(1) R.S.Mo., in that on the 17th day of September, 1990, in the City of St. Louis, State of Missouri [appellant] knowingly sold heroin, a controlled substance to detective Maurice Jackson. . . .

The information also recited appellant's prior drug related convictions.

While a violation of § 195.211 is a class B felony, § 195.291 provides that a violation of § 195.211 by a prior drug offender shall be punished as a class A felony. Section 558.011.1(1) provides that the term authorized for a class A felony is ten to thirty years or life in prison. The term authorized for a class B felony is five years to fifteen years. § 558.011.1(2). We note that appellant was sentenced to twelve years.

In *State v. Parkhurst*, 845 S.W.2d 31, 35[8] (Mo.banc 1992), our Supreme Court held that when an accused raises the issue of the sufficiency of the information for the first time after the verdict, the information will be deemed insufficient only if it is so defective that: 1) it does not by any reasonable construction charge the offense of which the accused was convicted; or 2) the substantial rights of the accused to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. Neither circumstance exists here. The information specified the statute defining the crime, set forth the date and place of the crime, and alleged that appellant knowingly sold heroin, a controlled substance, to Detective Maurice Jackson. Appellant was clearly advised of the crime with which he was charged, and neither his defense nor his right to freedom from double jeopardy was affected.

Appellant was sentenced within the range of punishment authorized for a class B felony. Any complaint that the punishment also fell within the range for a class A felony is moot since punishment as such was authorized by the trial court's finding that he was a prior drug offender. Appellant has failed

to demonstrate that the information was fatally defective or that he suffered prejudice as a result of any error in it.

■ Appellant presents an additional, and somewhat novel, argument that the error in the information could have been the basis for the refusal of his instructions on the defense of justification which we discussed in his first point. Since the record does not reveal the trial court's reasoning, appellant contends that the trial court could have refused the instructions because the information incorrectly classified the offense charged in Count I as a class A felony. Appellant points out that number one of the notes on use for MAI–CR 3d 308.20 states that the defense is not available for a class A felony. Appellant overlooks that neither of the instructions were offered to justify the conduct charged in Count I. The instructions were offered as a defense to his escape charged in Count II and his assault charged in Count III, a class D felony and a class A misdemeanor respectively. Appellant's contention that the error in the information affected the refusal of his instructions is not supported by the record.

In his third point, appellant contends that the trial court abused its discretion in admitting a tape recording from the Kel device into evidence and allowing it to be played in the presence of the jury. Appellant's specific objection is that the state failed to establish a sufficient foundation for the admission of the tape or properly show the chain of custody of the tape.

■ There are seven elements in establishing a proper foundation for the admission of a sound recording into evidence:

(1) A showing that the recording device was capable of taking testimony,

(2) a showing that the operator of the device was competent,

(3) establishment of the authenticity and correctness of the recording,

(4) a showing that changes, additions, or deletions have not been made,

(5) a showing of the manner of the preservation of the recording,

(6) identification of the speakers, and

(7) a showing that the testimony elicited was voluntarily made without any kind of inducement. *State v. Wahby*, 775 S.W.2d 147, 153[7] (Mo.banc 1989).

Appellant and respondent agree that a proper foundation for the admission of a tape recording requires that the seven elements set out in *Wahby* must be established. They disagree on how precisely they must be shown. Appellant maintains that the prosecutor must follow the "script" in *Wahby* as to each element, whereas the respondent maintains that showing the tape to be a fair and accurate representation of the conversation which took place is sufficient.

■ Initially we observe that a trial court has broad discretion in determining the admissibility of evidence, and its determination will not be disturbed on appeal absent a clear abuse of discretion. *Wahby*, 775 S.W.2d at 153[7].

■ The record reveals that Detective Jackson testified at trial to the conversation with appellant at the time he purchased the heroin. He specified the date and location, and identified appellant at trial as the individual with whom the conversation took place. After this testimony, Detective Jackson identified the tape and the prosecutor offered it into evidence. Appellant's objection as to foundation was sustained. The prosecutor questioned Detective Jackson further and again offered the tape. Appellant's subsequent objection as to foundation was overruled whereupon the tape was admitted and played for the jury. In his brief, appellant contends that the prosecutor failed to establish the third, fourth, fifth, and sixth elements.

Our examination of the record reveals that a proper foundation for admission of the tape recording was presented. The third element was established by Detective Jackson's testimony that, having listened to the tape, the tape contained a fair and accurate representation of the events that took place, identifying the date and place. The fourth element was also established by Detective Jackson's testimony as to the tape's accuracy; obviously the tape was not altered if it accurately reflected the conversation which took place. The fifth element was satisfied by Detective

Jackson's testimony that he recognized the tape from the date and address written on it; had listened to it earlier on the day of trial; and that it was a fair and accurate representation of the events that were recorded, again identifying the date and place. *Wahby*, 775 S.W.2d at 163[8–11]. Detective Jackson's testimony prior to the introduction of the tape, concerning the conversation with appellant and identifying him as the only other party to that conversation adequately established the sixth element.

Positive identification of a tape recording renders the chain of custody issue moot. *Id.* Therefore, appellant's contention that the officer who actually operated the recording equipment should have authenticated the tape at trial is without merit.

Although appellant raises no claim of error in this regard, we observe that the tape was cumulative to Detective Jackson's testimony. However, both the issues of control of cumulative evidence and admission of tape recordings are generally committed to the discretion of the trial court. *State v. Welty*, 729 S.W.2d 594, 600[8–11] (Mo.App.1987). The trial court did not abuse its discretion in admitting the tape recording.

In his fourth point, appellant contends that the trial court erred in giving the instruction defining "reasonable doubt." MAI–CR 3d 302.04. Appellant raised this issue at trial and in his motion for a new trial. Appellant claims that the "firmly convinced" definition of "reasonable doubt" in MAI–CR 3d 302.04 fails to impress upon the jury the requisite burden in a criminal case as required by *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).

Our Supreme Court has held that the term "firmly convinced" is "intended to assist lay jurors in their understanding of the legal phrase 'beyond a reasonable doubt' [and that] 'firmly convinced' is essentially synonymous with beyond a reasonable doubt.'" *State v. Antwine*, 743 S.W.2d 51, 62–63[12] (Mo.banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). This holding has not changed. *State v. Whitfield*, 837 S.W.2d 503, 511 (Mo.banc 1992). The

trial court did not err in giving the instruction.

In his fifth point, appellant claims that the trial court abused its discretion in refusing to admit the other photographs taken by his wife after his escape, his exhibits B through F. Appellant claims that they show injuries which he suffered at the time of his arrest and would have supported his affirmative defense of justification. The record reveals that appellant fled the scene of a drug sale to avoid arrest and ate the "buy money." This activity supports the contention that the conduct of the arresting officer was a reasonable effort to affect an arrest and preserve evidence of the crime which appellant was attempting to destroy. Appellant offered no evidence to exclude the possibility that any injuries which may have been depicted by the photographs were occasioned either before his arrest or while he was at large after his escape.

The trial court has broad discretion in the admission of photographs. *State v. Guinan*, 665 S.W.2d 325, 331[7–8] (Mo.banc 1984). Here we defer to the trial court's discretion.

Judgment affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.