STATE of Missouri, Respondent,

v.

Edward RIEFLE, Appellant.

Edward RIEFLE, Appellant,

v.

STATE of Missouri, Respondent.

No. 61949.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 3, 1995.

Talat M. Bashir, St. Louis, Steven J. Harris, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

Before REINHARD, P.J., and GARY M. GAERTNER and CRAHAN, JJ.

*ORDER*

PER CURIAM.

Appellant, Edward Riefle, appeals from a jury conviction of six counts of delivering a controlled substance pursuant to RSMo § 195.211.1 (Supp.1993) for which appellant was sentenced to a term of fifteen years' imprisonment on each count to run concurrently.[1] We affirm.

■ Appellant contends the trial court plainly erred in failing to *sua sponte* sever the offenses and allow appellant a separate trial on each charged criminal action. Appellant admits his error in neglecting to file a motion to sever the offenses with which he was charged. Rule 24.07 and RSMo § 545.885.2 (Supp.1994) are dispositive on this point. Rule 24.07 states in pertinent part: "An offense shall be ordered to be tried separately *only* if: (a) A party files a written motion requesting a separate trial of the offense." (emphasis added). RSMo § 545.885.2 states: "If it appears that a defendant ... is substantially prejudiced by a joinder of the offenses for trial, upon a written motion of the defendant ... *and* upon a particularized showing of substantial prejudice, the court may grant a severance...." (emphasis added). As appellant neglected to complete the necessary requirement of filing a motion to sever, we find no error here. Point denied.

■ Next, appellant argues plain error in the trial court's submission of instruction number four defining "reasonable doubt" as "firmly convinced". Every appellate court in this state has considered and denied this claim of error. We refuse to give it additional consideration at this time. Point denied.

As we find an extended opinion would have no precedential value, we affirm the circuit

1. Although appellant initially filed a direct appeal and an appeal based upon a denial of his Rule 29.15 motion, appellant has failed to brief any issues related to his Rule 29.15 appeal.

Such points are deemed abandoned. *State v. Simmons,* 861 S.W.2d 128, 130 (Mo.App.E.D. 1993).

court's order pursuant to Rules 30.25(b) and 84.16(b).