STATE of Missouri, Respondent,

v.

**Rodney DURBIN, Appellant.**

**Rodney DURBIN, Appellant,**

v.

STATE of Missouri, Respondent.

**Nos. 59754, 61093.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 4, 1992.

William J. Swift, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Defendant appeals his convictions, after a jury trial, of one count of attempted second degree arson (Count II), § 564.011 and § 569.050 R.S.Mo.(1986), and three counts of second degree arson (Counts III, IV and V), § 569.050 R.S.Mo.(1986). Defendant was acquitted on a charge of burglary related to the attempted arson. Defendant was sentenced to concurrent sentences of one year on Count II, three years on Count III, four years on Count IV and a consecutive sentence four years on Count V, for a total of eight years in the custody of the Missouri Department of Corrections. Defendant also appeals the denial of his Rule 29.15 motion.

Defendant raises two points on direct appeal contending that the trial court erred

in: 1) failing to declare a mistrial, sua sponte, when the prosecutor injected his personal sentiments and repulsion regarding the charged acts during closing argument, and 2) submitting an instruction defining "reasonable doubt." On his appeal from the motion court's denial of his Rule 29.15 motion, defendant raises two points contending that the motion court erred in overruling his motion contending his trial counsel was ineffective in: 1) failing to object to the prosecutor's personal comments during closing argument as raised on direct appeal, and 2) failing to move for severance of the four arson charges. We affirm the judgments of the trial court and the motion court.

The sufficiency of the evidence supporting defendant's conviction is not in dispute so a brief recitation of the evidence in a light most favorable to the verdict will suffice. The evidence indicates that defendant set four fires in March and April of 1989, in and around the city of Bland in Gasconade County, Missouri. The fires were set in: 1) a garage, owned by Marie Hooker, which was rented to defendant's father for use as a workshop; 2) a house on fifty-two acres, owned by Elvin Smith, which was rented by defendant's family as a residence; 3) a barn, on the Smith property, used by defendant's family for storage; and 4) a house, owned by Gladys Hahn, where defendant's sister kept some of her clothing.

Arson investigators testified that they had eliminated all known accidental causes for the fires in the Hooker garage and the Smith barn, and that the fire in the Hahn home had been intentionally set, and that the cause of the fire destroying the house rented by defendant's family was undetermined due to the extent of the damage. A woman, whom defendant was dating in March and April of 1989, testified at trial, and she placed defendant at or near the scene of each fire. Defendant confessed, orally and in writing, to starting each of the fires. His hand written confessions were admitted into evidence.

■ As none of defendant's points on direct appeal were preserved for review by objections at trial or raised in his motion for a new trial, our review is limited to plain error. *State v. Stepter,* 794 S.W.2d 649, 655[9 & 11] (Mo. banc.1990); Rule 29.12(b). Relief is granted under plain error only when the error so substantially affects the rights of the accused that manifest injustice or miscarriage of justice results if left uncorrected. *State v. Burgess,* 800 S.W.2d 743, 746[7] (Mo. banc.1990); Rule 29.12(b).

■ In his first point defendant directs us to the following closing argument by the prosecutor as the basis of his complaint of plain error:

But I would ask you, how callus [sic] of a young man can this be to do these five acts? *It really bothers me.* I don't care who he liked, didn't like, who his grudge was for or against, it's really, really a tough act. *I wouldn't like to come home and find my house burned. Whether he liked me or didn't like me. It would really bother me. I submit it would bother everyone in this state.* You twelve are now sitting there representing the entire rest of the State of Missouri in answering how Rodney Durbin should answer these five charges.

. . . . .

Now, whether you take that into weight [sic] in determining punishment or not is up to you. *I'm not convinced in my mind* that makes much difference on punishment. The intent was still the same. So do we want to reward Rodney Durbin for being so lucky in two of the incidents? *I don't think so. I think all of the arsons were just as severe, and the attempted arson, as the others. They all bother me. They worry me about what goes on in this society if we allow that.* (emphasis defendant's)

■ No objection to the foregoing was made at trial or raised in defendant's motion for a new trial. However, defendant complains that the trial court should have sua sponte granted a mistrial. Granting a mistrial is a drastic remedy which should only be utilized when there is a grievous error which cannot otherwise be remedied,

and rests largely in the discretion of the trial court which is in the best position to determine whether prejudice necessitating a mistrial occurred. *Burgess,* supra, 800 S.W.2d at 746[7]. Generally, where there is overwhelming evidence of guilt errors concerning the prosecutor's closing argument are not viewed as having a decisive effect on jury deliberations. *State v. Zahn,* 823 S.W.2d 18, 21[2] (Mo.App.1991). Personalization in closing argument, as indicated here, is improper. *State v. Raspberry,* 452 S.W.2d 169, 172[2] (Mo.1970). Since the record reveals an abundance of evidence of defendant's guilt, we cannot say that the challenged remarks, raised for the first time on appeal, demonstrate a strong and clear showing that manifest injustice or a miscarriage of justice resulted. *State v. Hill,* 808 S.W.2d 882, 888[7–9] (Mo.App.1991). Point denied.

■ In his second point on direct appeal, defendant complains that the trial court erred in giving instruction Number Four, which is patterned after MAI–CR3rd 302.04 which defines "reasonable doubt." Defendant claims that the "firmly convinced" definition of "reasonable doubt" in MAI–CR3rd 302.04 fails to impress upon the jury the requisite burden in a criminal case as required by *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). Defendant admittedly raises the point in the event "some court in the future concludes" otherwise.

Our Supreme Court has held that the term "firmly convinced" is "intended to assist lay jurors in their understanding of the legal phrase 'beyond a reasonable doubt' [and that] 'firmly convinced' is essentially synonymous with 'beyond a reasonable doubt.'" *State v. Antwine,* 743 S.W.2d 51, 62–63[12] (Mo. banc.1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). This holding has not changed. *State v. Griffin,* 818 S.W.2d 278, 282[7] (Mo. banc.1991). The trial court did not err in submitting the instruction. Point denied.

■ Our review of the denial of defendant's Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(j). Therefore, the motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *State v. White,* 798 S.W.2d 694, 697[6] (Mo. banc.1990).

■ Defendant's first point concerns the same portions of the prosecutor's argument raised on direct appeal. He now complains that counsel should have objected to these improper remarks. Although counsel should have objected to the prosecutor's remarks, *Stuckey v. State,* 756 S.W.2d 587, 591[4] (Mo.App.1988), we find no basis to conclude that absent counsel's failure to object the jury would have had a reasonable doubt respecting defendant's guilt. *Childress v. State,* 778 S.W.2d 3, 6[6] (Mo. App.1989). Point denied.

■ In his second point defendant complains that the failure of his counsel to request a severance of the four arson related charges constituted ineffective assistance. We note that the trial court should not sever jointly charged offenses absent a motion on behalf of a defendant, *State v. Shubert,* 747 S.W.2d 165, 169[6] (Mo.App. 1988); Rule 24.07, and that an accused has neither a Federal nor a State constitutional right to be tried one offense at a time, *State v. Baker,* 524 S.W.2d 122, 126[3] (Mo. banc.1975). In deciding whether to grant a motion for severance, the trial court must weigh the benefits of trying the offenses simultaneously against the possible prejudice to the defendant. *State v. Morant,* 758 S.W.2d 110, 115[9] (Mo.App.1988). Had a motion to sever been made and denied, defendant would have to show that the failure to grant a severance was both an abuse of discretion and a clear showing of prejudice. *Id.* "In assessing prejudice, the court should consider the number of offenses charged, the complexity of the offenses charged, the complexity of the evidence offered and the ability of the jury to distinguish the evidence and apply the law intelligently to each offense." *Id.*

Here, the record reveals that all offenses were committed between March 8, 1989 and April 17, 1989. The facts in the record clearly establish acts of a similar character. Rule 23.05. The defendant was charged with one count of burglary, one count of attempted arson and three counts of arson. The defendant confessed to all of the arson related charges during a single interview. The evidence is not complex. The jury received separate instructions, and a separate converse from defendant, on each of the five counts. Separate verdicts were reached on each of the five counts. The jury acquitted the defendant of the burglary count related to the attempted arson charge and assessed separate and distinct punishments for the remaining charges. The record is clear that the jury was not confused. Point denied.

Judgment affirmed.

CARL R. GAERTNER, P.J., and AHRENS, J., concur.