**STATE of Missouri, Respondent,**

v.

**Johnny E. PHILLIPS, Appellant.**

**Johnny E. PHILLIPS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 65737, 68128.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 23, 1996.

Almond & Brady, P.C., Charles Maas and Pat Conroy, Hillsboro, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Defendant appeals after sentencing on Counts V and VI for which he was convicted of robbery, § 569.020 RSMo 1986, and armed criminal action, § 571.015 RSMo 1986. He argues the state presented insufficient evidence to support the verdicts on both charges. There is no direct appeal issue on Counts I–IV. He was charged with robbery first degree, armed criminal action, attempted robbery first degree and armed criminal action. He also appeals denial of his Rule 29.15 motion without an evidentiary hearing. In his motion, he alleged his counsel was prejudicially ineffective for failing to sever Counts I and II from Counts III–VI. Counts I–IV were not appealed but defendant contends the identification evidence to prove Counts I and II tended to supply identification evidence on Counts V and VI by allowing "the jury to hear cumulative evidence regarding generic identifications of a young black male."

In August, 1993, defendant was indicted on six counts: Count I, robbery in the first degree, on October 28, 1992, at a Quick Trip Store; and, Count II, armed criminal action, associated with Count I; Count III, attempted robbery on the same date at a Vickers Gas Station; Count IV, armed criminal action, associated with Count III; Count V, robbery in the first degree, also at the Vickers Gas Station; and, Count VI, armed criminal action, associated with Count V. Counts I and II occurred at 2852 Gravois. Counts III, IV, V, and VI occurred at 2323 South Jefferson, just north of the intersection of Gravois and Jefferson. Counts III and IV involved attempted robbery of the Vickers' manager. Counts V and VI involved robbery of a customer. All alleged criminal acts occurred within minutes of each other and in the same neighborhood.

A jury found defendant guilty on all counts. At trial, the state presented evidence that a black male, wearing a black Oakland Raiders' jacket robbed the night shift manager of the Quick Trip, at gunpoint, on October 28, 1992, between 4:30 and 6:00 a.m. Employees, who were at the store during the robbery, identified defendant in a line-up. There was proof of an attempted robbery at the Vickers' station, also on October 28, 1992, at 4:40 a.m., by a black male wearing a black Oakland Raiders' jacket. The Quick Trip store manager identified defendant in a line-up as the robber. A customer at the Vickers' station testified he was waiting near the cashier window to buy cigarettes, when he saw the robber point a gun at the glass and then fire a round. The customer returned to his car where he was robbed at gunpoint by the same person.

■ In his first point, defendant argues insufficient evidence to support the jury's verdict on Counts V and VI. We review as directed in *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993) (*quoting State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989)).

The customer at the Vickers station testified, without objection, that a man in a black Raiders' jacket with a hood took his wallet and some cash at gunpoint. He also testified he had seen defendant before, as defendant's aunt lived next door to him, but he did not know defendant's name until another neighbor identified him. When the police showed him a picture of a line-up, about six months after the robbery, he identified someone other than defendant. He complained the picture was blurry. When the police showed him a clear, individual, picture of defendant, he identified him as the man who robbed him. Defendant presented no evidence to dispute customer's testimony of the robbery. Defendant does not appeal his conviction for attempted robbery and armed criminal action involving the Vickers' manager, Counts III and IV, which occurred at the Vickers station, as described in customer's testimony. The Vickers' manager positively identified defendant in a line-up. The state presented a video which corroborated customer's testimony of the attempted robbery of the Vickers station manager, the description of the robber, and the firing of the gun. Defendant admitted the robberies in a written statement made to the police. The evidence was more than sufficient to support the jury's finding defendant forcibly stole property

from the customer at the Vickers' station using a deadly weapon. Point one denied.

In his second point, defendant claims he was prejudiced by ineffective assistance of his trial counsel and the motion court erred in denying relief without a hearing. Defendant claims his counsel was ineffective for failure to sever Counts I and II from Counts III, IV, V, and VI. We review in accord with Rule 29.15(j) and *State v. Harris,* 870 S.W.2d 798, 815–816 (Mo. banc 1994).

■ Evidence of another crime is admissible if it tends to establish defendant's identity, a common scheme or plan, or "because it was necessary to establish a complete, coherent picture of the burglary." *State v. Robinson,* 684 S.W.2d 529, 531 (Mo. App.1984). "The common scheme or plan theory is not a 'series of crimes' theory in which the evidence of one crime may be offered to show the defendant's propensity to engage in the crime charged. Rather, the traditional common scheme or plan exception permits evidence of other crimes which are so interrelated to the charged crime that the proof of one tends to establish the other." *State v. Conley,* 873 S.W.2d 233, 236 (Mo. banc 1994).

■ In this case, all six crimes occurred within minutes of each other in close physical proximity. A motion to sever would have been without merit. There was evidence defendant committed all the robberies as part of a plan to pay back money he owed to someone. He approached both cashiers in a similar manner. The crimes are interrelated, and evidence of each provided a complete picture of defendant's scheme. Evidence of Counts I and II would have been admissible in a separate trial on Counts III, IV, V, and VI. Severance would not have prevented the jury's considering evidence of Counts I and II while considering Counts V and VI. Counsel was not ineffective for failing to file a motion which had no merit. There is no purpose to have an evidentiary hearing.

The judgments appealed are affirmed.

REINHARD, P.J., and DOWD, J., concur.