Cynthia L. Martin, Judge
Todd B. Fonville ("Fonville") appeals from the denial of his Rule 29.15 motion following an evidentiary hearing. Fonville argues that the motion court clearly erred in denying his motion because, if the motion court would have admitted the testimony of a juror about misconduct that occurred during deliberations, the motion court would have concluded that Fonville received ineffective assistance of counsel when trial counsel's motion for new trial failed to raise the issue of jury misconduct. Finding no error, we affirm.
Factual and Procedural History
The State charged Fonville with two counts of first-degree murder, or in the alternative, two counts of second-degree felony murder; two counts of armed criminal action; leaving the scene of the accident; and knowingly burning. The charges stemmed from the deaths of Jose Morales ("Morales") and Debeney Kreiling ("Kreiling"). After a five-day trial, the jury began deliberations on Monday, July 30, 2012, at 12:35 p.m. and continued deliberations until approximately 5:00 p.m.
Deliberations resumed the next morning. At approximately 10:25 a.m., the jury sent a note asking, "How do we move on if one person is hung on instruction 21/22 when instruction 3 clearly states not to single out?" The parties agreed that the trial court would give the following response: "The jury will be guided by all the instructions as given by the Court in their entirety." The trial court gave the agreed upon response at 10:45 a.m.
*797 The jury sent another note at 11:00 a.m. which asked, "If we are [a] hung jury on count 1 Instruction 5 can we still make a finding on Count 1 Instruction 6. OR another way of putting it--If we can't agree on Murder 1 can we still make a decision on murder 2?" The trial court brought the jury back in to the courtroom and advised that a response to the jury's latest question would be provided after the lunch break. Before the trial court released the jury for lunch, it asked the foreperson, "[W]ithout telling me what the verdicts are or which counts ... has the jury reached a unanimous verdict on any counts, again, without telling me which counts or what those verdicts are, can you answer yes or no?" The foreperson answered, "Yes, we have."
During the lunch break, the parties agreed to answer the jury's question as follows: "The Court urges the jury to reach unanimous verdicts on all counts in accordance with Instruction 25. However, if you are unable to reach [a] unanimous verdict on Instruction 5, you may then consider whether the defendant is guilty under Instruction 6." The trial court gave this agreed upon response to the jury after the lunch break.
The jury advised the court that it had reached a verdict around 2:30 p.m. The trial court asked the foreperson, "Have verdicts been returned on all counts?" The foreperson responded, "No." The trial court then asked, "Based on your indication that verdicts have been reached, is the jury hopelessly deadlocked on certain counts, one or more counts?" The foreperson responded in the affirmative. The trial court instructed the jury to return to the jury room while the trial court discussed how to proceed with the parties.
The trial court advised the parties that, when the bailiff checked on the jurors, "there were jurors that were visibly upset and crying," and "one or more jurors had indicated that they're not coming back tomorrow." The trial court then told the parties:
In an attempt to avoid a potential mistrial in the entire case and knowing that we have at least unanimous verdicts with respect to certain counts, it would be the intention of the Court to not verbally instruct but provide to the jury Instruction 27. Instruction 27 is a non-MAI instruction submitted by the Court patterned after the Eighth Circuit pattern instructions partial verdict form instruction.
The proposed Instruction 27 read:
Members of the jury, if you have reached unanimous agreement as to some of the counts, you may return a verdict as to those counts, and then continue deliberating on the others.
If you do choose to return a verdict as to some of the counts now, that verdict will be final. You will not be able to change your minds about it later on.
Fonville's attorney responded that she would prefer to give the hammer instruction, and that although she did not object to Instruction 27 as to form, she did object to the instruction in general. The trial court submitted Instruction 27 to the jury over Fonville's objection at approximately 2:40 p.m.
The jury indicated that it had reached verdicts shortly before 4:00 p.m. The jury found Fonville guilty of second-degree felony murder for Morales's death; first-degree murder for Kreiling's death; both counts of armed criminal action; leaving the scene of an accident; and knowingly burning. The trial court polled the jury with the consent of both parties, and all jurors confirmed that each of the jury's verdicts were the verdicts of that juror. The trial court entered its judgment of *798 conviction and imposed sentences. Fonville's trial counsel filed a motion for new trial, arguing that the trial court erred in submitting Instruction 27 rather than MAI-CR 3d 312.10, the "hammer" instruction. The trial court denied the motion for new trial.
On direct appeal, Fonville argued that it was error to submit Instruction 27 because the instruction suggested that the jurors should compromise to reach a verdict on the remaining counts. State v. Fonville , 433 S.W.3d 477, 481 (Mo. App. W.D. 2014). We affirmed Fonville's convictions and sentences. Id. at 483.
Fonville then filed an untimely pro se Rule 29.15 motion. The motion court excused the untimeliness of Fonville's pro se motion, finding that the active interference doctrine applied.[1] Appointed counsel filed an amended Rule 29.15 motion ("Amended Motion"). The Amended Motion alleged that Fonville received ineffective assistance of counsel because trial counsel "fail[ed] to adduce evidence during the motion for new trial that at least one juror had failed to follow the judge's instructions and had reached a unanimous verdict due to coercion, intimidation or compromise."[2] The Amended Motion argued that reasonably competent counsel would have attached affidavits, presented oral testimony from the discharged jurors at the trial court's hearing on the motion for new trial, or both. The Amended Motion claimed that, while the motion for new trial did not specifically allege juror misconduct, juror misconduct was encompassed within the asserted claim that the trial court erred in failing to give the "hammer" instruction. Alternatively, the Amended Motion argued that trial counsel was ineffective because she should have raised juror misconduct in the motion for new trial.
During the evidentiary hearing on the Amended Motion, trial counsel testified about her memory of the events during the jury's deliberations, including the jury's report that it was "hopelessly deadlocked," the bailiff's reports of apparent discord between the jurors, and the trial court's decision to give Instruction 27.[3] Trial counsel testified that she did not consider contacting the jurors before filing the motion for new trial, that she had no strategic reason for failing to do so to determine whether the verdict had been coerced, and that she had no strategic reason for either failing to call jurors to testify in connection with the motion for new trial or for failing to attach jurors' affidavits to the motion for new trial. However, trial counsel explained that she had no reason to suspect that there had been juror misconduct because polling of the jury revealed that the jury's verdicts were unanimous.
*799 During the hearing on the Amended Motion, Fonville attempted to call H.P., a juror from his criminal trial, as a witness. The State objected that H.P.'s testimony was inadmissible evidence of what occurred during jury deliberations. The motion court sustained the State's objection. Fonville made an offer of proof.
During the offer of proof, H.P. testified that, if asked, she would have testified at a hearing on the motion for new trial about what she witnessed in the jury room. H.P. then testified about her observations about hostilities in the jury room directed particularly at a lone holdout juror,[4] though H.P. confirmed that at no point during the deliberations did any juror use ethnic or religious slurs.
The motion court issued findings of fact, conclusions of law, and a judgment ("Judgment") denying the Amended Motion. The motion court concluded that there was no legal basis for Fonville's claim that he received ineffective assistance of counsel based on his trial counsel's failure to adduce evidence during the hearing on the motion for new trial that at least one juror was coerced, intimidated, or compromised to reach a unanimous verdict in violation of the jury instructions. The motion court concluded that H.P.'s testimony did not fall into any of the exceptions to the general rule that "a jury verdict cannot be impeached through juror testimony regarding improper motives or other misconduct that transpired in the jury deliberation room," and thus would not have been sufficient to permit relief pursuant to the motion for new trial even had it been presented to the trial court.
Fonville appeals.
Standard of Review
Our review of the motion court's denial of a Rule 29.15 motion is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(k). " 'The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made.' " Deen v. State , 550 S.W.3d 135, 139 (Mo. App. W.D. 2018) (quoting Roberts v. State , 276 S.W.3d 833, 835 (Mo. banc 2009) ). Fonville, as the movant, bears the burden of establishing, by a preponderance of the evidence, that the motion court erred. Jones v. State , 541 S.W.3d 694, 696 (Mo. App. W.D. 2018).
Analysis
Fonville's single point on appeal argues that the motion court committed clear error in denying the Amended Motion because, had the motion court admitted H.P.'s testimony, the motion court would have concluded that Fonville received ineffective assistance of counsel by failing to include jury misconduct as a basis for relief in the motion for new trial and by failing to adduce evidence of jury misconduct at a hearing on the motion for new trial. Fonville claims that he was prejudiced because, had his trial counsel included jury misconduct as a basis for relief in the motion for new trial and adduced evidence supporting that claim, the trial court would have granted his motion for new trial.
To establish that he received ineffective assistance of counsel, Fonville must prove by a preponderance of the *800 evidence that trial counsel failed to exercise the level of skill and diligence of a reasonably competent attorney and that he was prejudiced by that failure. Strickland v. Washington , 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Trial counsel is presumed to be effective, and [Fonville] bears a heavy burden to overcome this presumption." Martin v. State , 526 S.W.3d 169, 192 (Mo. App. W.D. 2017). "To overcome this presumption, [Fonville] must point to 'specific acts or omissions of counsel that, in light of all of the circumstances, fell outside the wide range of professional competent assistance.' " Strong v. State , 263 S.W.3d 636, 642 (Mo. banc 2008) (quoting Anderson v. State , 196 S.W.3d 28, 33 (Mo. banc 2006) ). The prejudice prong requires Fonville to "show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Martin , 526 S.W.3d at 192. If Fonville fails to prove either the performance prong or the prejudice prong by a preponderance of the evidence, then we need not consider the other, and we will affirm the motion court's denial of his claim of ineffective assistance of counsel. Id.
Fonville argues that trial counsel's failure to include jury misconduct as a basis for relief in the motion for new trial and failure to adduce evidence supporting that claim constituted omissions that, in light of the circumstances, fell outside the wide range of professional competent assistance. Fonville claims that "trial counsel was on notice of the bullying and threats from court personnel, and reasonably should have interviewed the jurors and learned that the mob of 10 was bullying the lone holdout." [Appellant's Brief, p. 30] Fonville argues that reasonably competent counsel would have then presented affidavits or testimony to the trial court to demonstrate that, pursuant to section 547.020[5] , a new trial was necessary because "the verdict [was] decided by means other than a fair expression of opinion on the part of all the jurors."
Fonville relies on H.P.'s testimony, which the motion court deemed inadmissible during the hearing on the Amended Motion. Fonville argues that the motion court's exclusion of H.P.'s testimony resulted in the erroneous denial of the Amended Motion. We disagree. The motion court effectively credited Fonville's offer of proof when it found that H.P.'s testimony, even if offered by trial counsel in connection with Fonville's motion for new trial, would not have afforded Fonville the relief of a new trial. This was not clear error.
" 'Missouri law has long held that a juror may not impeach a unanimous, unambiguous verdict after it is rendered.' " State v. West , 425 S.W.3d 151, 155 (Mo. App. W.D. 2014) (quoting State v. Carter , 955 S.W.2d 548, 557 (Mo. banc 1997) ). " '[J]urors speak through their verdict, and they cannot be allowed to violate the secrets of the jury room, and tell of any partiality or misconduct that transpired there, nor speak of the motives which induced or operated to produce the verdict.' " Id. at 154-55 (quoting Woodworth v. State , 408 S.W.3d 143, 149 n.5 (Mo. App. W.D. 2010) ). Thus, an affidavit by or testimony from a juror is inadmissible and may not be received into evidence to impeach the jury's verdict, so that a trial court is not required to hear testimony from jurors in order to rule on a motion for new trial asserting juror misconduct. Id. at 155. The purpose underlying the prohibition against *801 juror testimony is "to give substantial protection to verdict finality and to assure jurors that, once their verdict has been entered, it will not later be called into question based on the comments or conclusions they expressed during deliberations." Pena-Rodriguez v. Colorado , --- U.S. ----, 137 S.Ct. 855, 861, 197 L.Ed.2d 107 (2017).
While Missouri courts generally hold a juror may not impeach a unanimous, unambiguous verdict, two narrow exceptions exist. West , 425 S.W.3d at 155. The first exception provides that " 'it is permissible to elicit testimony about juror misconduct that occurred outside the jury room, such as the gathering of extrinsic evidence.' " Id. (quoting Storey v. State , 175 S.W.3d 116, 130 (Mo. banc 2005) ). The trial court can consider juror testimony to determine whether the extrinsic evidence affected the jury. Id. The second exception allows juror testimony when " 'a juror makes statements evincing ethnic or religious bias or prejudice during deliberations.' " Id. (quoting Fleshner v. Pepose Vision Inst., P.C. , 304 S.W.3d 81, 88 (Mo. banc 2010) ). In Fleshner , our Supreme Court held that "if a party files a motion for new trial alleging there were statements reflecting ethnic or religious bias or prejudice made by a juror during deliberations, the trial court should hold an evidentiary hearing to determine whether any such statements occurred." 304 S.W.3d at 89. But Fleshner warned that "[j]uror testimony about matters inherent in the verdict should be excluded." Id.
Here, Fonville did not assert in his Amended Motion, and H.P.'s testimony during the offer of proof did not establish, either that misconduct occurred outside the jury room or that there were statements made by jurors during deliberations that reflected an ethnic or religious bias. H.P.'s testimony about alleged bullying that produced the verdict is not admissible to impeach the verdict. West , 425 S.W.3d at 154-55. The motion court did not err in excluding H.P.'s testimony from the evidentiary hearing on the Amended Motion, and did not err in concluding that H.P.'s testimony (as presented by Fonville's offer of proof) would not have provided Fonville with a basis for a new trial. The motion court did not err in finding that trial counsel was not ineffective for failing to raise juror misconduct in the motion for new trial or to attempt to present inadmissible evidence of jury misconduct in connection with the motion for new trial. McLaughlin v. State , 378 S.W.3d 328, 346 (Mo. banc 2012) (holding that trial counsel's failure to present inadmissible evidence does not fall outside the wide range of professional competent assistance so as to render trial counsel ineffective).
Fonville's point on appeal is denied.
Conclusion
We affirm the motion court's Judgment.
All concur

The active interference doctrine provides that "where an inmate prepares his initial motion and does all that he reasonably can do to ensure that it is filed on time, tardiness resulting solely from the active interference of a third party beyond the inmate's control may be excused and the waiver imposed by Rule 29.15(b) not enforced." Price v. State , 422 S.W.3d 292, 307 (Mo. banc 2014). The State does not challenge the application of the active interference doctrine to cure the untimely pro se motion.

The Amended Motion also asserted that Fonville received ineffective assistance of counsel in that his counsel failed to convey the terms of a prior plea offer and failed to inform Fonville when a plea offer would expire. Fonville's appeal does not address this claim of ineffective assistance of counsel, and it is abandoned.

Fonville also testified at the evidentiary hearing, but his testimony was limited to the claim of ineffective assistance of counsel that has been abandoned on appeal. See supra note 2.

We have not included the details of H.P.'s offer of proof in this opinion, as to do so would be to encourage disregard of the settled principle that a juror may not impeach a verdict after it is given, absent narrow exceptions Fonville does not claim are applicable to this case.

Section 547.020 sets forth the circumstances in which a trial court may grant a new trial. All statutory references are to RSMo 2000 as supplemented through the date of the trial unless otherwise indicated.