

# In the
# Missouri Court of Appeals
# Western District

EDWARD J. FREDERICK,     )
     )
       Appellant,     )    **WD81721**
     )
v.     )    **OPINION FILED:  August 27, 2019**
     )
STATE OF MISSOURI,     )
     )
       Respondent.     )

**Appeal from the Circuit Court of Pettis County, Missouri**
The Honorable Robert L. Koffman, Judge

Before Division One:  Cynthia L. Martin, Presiding Judge, Victor C. Howard, Judge and
Alok Ahuja, Judge

Edward J. Frederick ("Frederick") appeals the motion court's judgment denying his Rule 29.15[1] motion for post-conviction relief after an evidentiary hearing.  Frederick was found guilty of one count of first degree statutory sodomy and one count of victim tampering.  Frederick contends that the motion court erred in denying his claim that trial counsel was ineffective for failing to file a motion to sever other counts of statutory sodomy, of which Frederick was acquitted.  Finding no clear error, we affirm.

---

[1]All rule references are to *Missouri Court Rules, Volume I—State, 2016,* as applicable at the time of Frederick's motion, unless otherwise indicated.

## Factual and Procedural Background

Frederick was charged with four counts of statutory sodomy in the first degree and one count of victim tampering. Three of the statutory sodomy counts related to victim M.A.Y., while one of the statutory sodomy counts related to victim S.Y. The victim tampering count related to both M.A.Y. and S.Y.

Frederick was tried by jury. Frederick was convicted of the count of statutory sodomy in the first degree related to S.Y., and of the count of victim tampering related to both M.A.Y. and S.Y. Frederick was acquitted of the three counts of statutory sodomy in the first degree related to M.A.Y. Frederick was sentenced to 20 years' imprisonment for statutory sodomy in the first degree and two years' imprisonment for victim tampering, to be served concurrently. Frederick's conviction was affirmed on direct appeal in a *per curiam* order. *State v. Frederick*, 495 S.W.3d 831 (Mo. App. W.D. 2016). Frederick timely filed a *pro se* Rule 29.15 motion. Appointed counsel filed an amended motion ("Motion"). The Motion claimed that Frederick received ineffective assistance of counsel because trial counsel failed to file a motion to sever the statutory sodomy charges related to M.A.Y. from the charge related to S.Y. The motion court denied the Motion after an evidentiary hearing ("Judgment").

Frederick appeals.

## Standard of Review

A motion court's ruling on a post-conviction motion is presumed correct. *McLaughlin v. State*, 378 S.W.3d 328, 336-37 (Mo. banc 2012). "A motion court's judgment will be overturned only when its findings of fact or conclusions of law are clearly

erroneous." *Id.*; Rule 29.15(k). To be clearly erroneous, we must be left with a "definite and firm impression that a mistake has been made." *McLaughlin*, 378 S.W.3d at 336-37.

**Analysis**

Frederick raises one point on appeal. Frederick argues that the motion court clearly erred when it denied his claim that trial counsel provided ineffective assistance for failing to file a motion to sever the three statutory sodomy offenses related to M.A.Y. from the single statutory sodomy offense related to S.Y.

To establish a claim of ineffective assistance of counsel, Frederick was required to show by preponderance of the evidence that (1) trial counsel failed to exercise the customary level of skill and diligence of a reasonably competent attorney and (2) that he was prejudiced by that failure. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Strong v. State*, 263 S.W.3d 636, 642 (Mo. banc 2008). "Trial counsel is presumed to be effective, and [Frederick] bears a heavy burden to overcome this presumption." *Fonville v. State*, 563 S.W.3d 794, 800 (Mo. App. W.D. 2018). "To overcome this presumption, [Frederick] must point to specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Strong*, 263 S.W.3d at 642 (internal quotes omitted). "Trial strategy decisions may only serve as a basis for ineffective counsel if they are unreasonable." *Id.* "The choice of one reasonable trial strategy over another is not ineffective assistance." *Id.* "[S]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable." *Id.*

3

Frederick asserts that trial counsel's strategy was "objectively unreasonable" and that had trial counsel filed a motion to sever it would have been granted. We disagree.

During the evidentiary hearing on Frederick's Motion, trial counsel testified that he discussed with Frederick whether to file a motion to sever offenses relating to M.A.Y. from those relating to S.Y. Trial counsel testified that this discussion occurred "as trial approached." Trial counsel testified to two strategic reasons for not filing a motion to sever. First, trial counsel testified that he did not file a motion to sever the charges relating to M.A.Y. from those relating to S.Y. because M.A.Y.'s testimony was so "outlandish" that "a jury might have trouble finding beyond a reasonable doubt [] [M.A.Y.'s] . . . statements," and "with [M.A.Y.'s] story being so outlandish, [we thought] that it would result in acquittal to both children's cases." Trial counsel testified that he reasoned that if "the jury didn't believe [M.A.Y.], which they didn't, that that might help us get an acquittal on [S.Y.]."

The motion court found that Frederick's trial strategy was "reasonable and worked in part." On this basis alone, the motion court did not clearly err in finding that trial counsel's strategy was reasonable. "A decision by counsel, after thorough investigation, not to seek severance of a count upon which the evidence appears weak is well within the range of practical choices not to be second-guessed in a post-conviction proceeding." *Choate v. State*, 762 S.W.2d 87, 90 (Mo. App. S.D. 1988).[2]

---

[2]Frederick further argues that trial counsel's strategy was objectively unreasonable because "counsel did not argue for why the jury should acquit Mr. Frederick of the allegations made by S.Y. if they disbelieve[d] the allegations made by M.A.Y." [Appellant's Brief, p. 12]. We disagree. Trial counsel effectively cross-examined M.A.Y. and S.Y. by adducing contradictions in their testimony. During cross-examination of M.A.Y., trial counsel adduced testimony from M.A.Y. that she had not discussed Frederick's alleged criminal behavior with S.Y. before Frederick's arrest. However, during cross-examination of S.Y., trial counsel adduced testimony that S.Y. had talked to M.A.Y. about Frederick's criminal conduct. Trial counsel then argued in closing that S.Y. and M.A.Y. were sisters and that "the girls said they didn't talk about this stuff ahead of time, but that's a little suspicious."

4

Trial counsel also offered a second reason for not filing a motion to sever the offenses. Trial counsel testified that he believed it was "extremely unlikely" that the trial court would sever the sodomy counts related to M.A.Y. from those related to S.Y. in part because Frederick also faced a count for victim tampering, which related to a threat made to both M.A.Y. and S.Y.[3] We agree that it is extremely unlikely the trial court would have granted a motion to sever.

In ruling on a motion to sever offenses, trial courts are guided by Rule 24.07. In addition to other requirements not at issue here, Rule 24.07 permits a trial court to order an offense be tried separately when "a party makes a particularized showing of substantial prejudice if the offense is not tried separately." Rule 24.07(b). "Substantial prejudice" means "a bias or discrimination against the defendant or the state which is actually existing or real and not one which is merely imaginary, illusionary or nominal." Section 545.885.2.[4] Absent a particularized showing of "substantial prejudice," a trial court does not abuse its discretion in denying a motion to sever. *State v. Durbin*, 835 S.W.2d 323, 326 (Mo. App. E.D. 1992).

Frederick argues that he faced substantial prejudice by evidence that would otherwise have been inadmissible had the offenses been severed. Specifically, Frederick

---

[3]Frederick acknowledges that had trial counsel filed a successful motion to sever offenses that this would likely have resulted in Frederick facing an additional victim tampering count in the separate proceeding. Frederick argues though that the additional charge "would be of little concern to any reasonable person when they are facing four counts of statutory sodomy in the first degree." [Appellant's Brief, p. 13]. We will not find trial counsel's strategy unreasonable when it likely avoided the filing of additional charges against Frederick. *See Church v. State*, 928 S.W.2d 385, 388 (Mo. App. S.D. 1996) (finding there was no ineffective assistance when movant avoided three additional charges because of plea counsel's assistance).

[4]All statutory references are to RSMo 2000, as supplemented through date of Frederick's offenses, unless otherwise indicated.

asserts that he faced the "most" prejudice from M.A.Y.'s testimony regarding inculpatory statements made by Frederick.[5] Frederick essentially argues that the jury was unable to ignore M.A.Y.'s prejudicial testimony about these statements in applying the law to the separate offenses involving S.Y.

But plainly the jury was able to distinguish the evidence relating to the separate offenses because Frederick was acquitted of the three statutory sodomy counts relating to M.A.Y. Thus, Frederick's argument is nonsensical, as the "most" prejudicial evidence he identifies is plainly evidence the jury ***did not believe***. Frederick has not established, therefore, substantial prejudice that would have supported granting a Rule 27.07 motion to sever. *See Durbin*, 835 S.W.2d at 327 (Mo. App. E.D. 1992) (holding there was no prejudice to support a motion to sever offenses when the facts in the record clearly established acts of a similar character; the evidence was not complex; separate instructions and converse instructions were issued to the jury on five counts; and separate verdicts were reached including an acquittal of the defendant of one count of burglary); *see also State v. Tolen*, 304 S.W.3d 229, 236 (Mo. App. E.D. 2009); *State v. Childers*, 801 S.W.2d 442, 447 (Mo. App. E.D. 1990). Trial counsel correctly and reasonably assessed that it was "extremely unlikely" a motion to sever the statutory sodomy offenses would have been granted.[6]

---

[5]Frederick argues "[t]he most prejudicial evidence, other than the alleged victim's testimony and S.Y.'s physical evidence, is M.A.Y.'s testimony that Mr. Frederick, while still drunk from the night before, called M.A.Y. 'a little bitch' and told her to 'suck his dick'." [Appellant's Brief, p. 13].

[6]This conclusion is bolstered by the fact that even had trial counsel filed a successful motion to sever the statutory sodomy offenses related to M.A.Y. from those related to S.Y., evidence relating to both victims would likely have been admissible during the separate prosecutions. Article I, section 18(c) provides that "in prosecutions for crimes of a sexual nature involving a victim under eighteen years of age, relevant evidence of prior criminal acts, whether charged or uncharged, is admissible for the purpose of corroborating the victim's testimony or

6

Because trial counsel had a reasonable trial strategy for not filing a motion to sever, Frederick has not sustained his burden to establish deficient performance of counsel. As a result, we need not address the *Strickland* prejudice prong.

The motion court did not clearly err in denying Frederick's claim of ineffective assistance of counsel.

Point denied.

**Conclusion**

We affirm the motion court's Judgment denying Frederick's Rule 29.15 post-conviction motion.

_____
Cynthia L. Martin, Judge

All concur

---

demonstrating the defendant's propensity to commit the crime with which he or she is presently charged." There is no ineffective assistance for failure to file a motion to sever offenses when the same evidence would be admissible in the separate proceedings. *State v. Phillips*, 914 S.W.2d 833, 835 (Mo. App. E.D. 1996) (evidence of another crime admissible in separate proceedings under common scheme or plan exception); *State v. Davis*, 825 S.W.2d 948, 953-54 (Mo. App. E.D. 1992); *Lytle v. State*, 762 S.W.2d 830, 836 (Mo. App. W.D. 1988) ("If the evidence of the other crimes would have been admissible at a separate trial, the defendant is not prejudiced by a failure to sever.").

Frederick argues this is not the case, because the State's evidence supporting the statutory sodomy counts relating to M.A.Y. would not have been admissible during a trial relating to SY because the "probative value would be substantially outweighed by its prejudicial value." However, we believe that highly unlikely given the facts in this case.